# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LESLIE ADAMS (#93997)**            **CIVIL ACTION NO.**

**VERSUS**            **19-884-BAJ-EWD**

**JOHN BEL EDWARDS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 8, 2020.

                                           **ERIN WILDER-DOOMES**
                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LESLIE ADAMS (#93997)**                               **CIVIL ACTION NO.**

**VERSUS**                                              **19-884-BAJ-EWD**

**JOHN BEL EDWARDS, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On review of this matter pursuant to the screening process under 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that the case be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Leslie Adams ("Plaintiff"), an inmate representing himself, who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, filed this suit against John Bel Edwards, Jeff Landry, the LA Legislatures, and Jean-Paul Morrell ("Defendants"), alleging violation of his Fourteenth Amendment due process rights because of the Louisiana Constitutional provision which previously allowed for convictions in criminal cases by non-unanimous juries.[1]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[2] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

---

[1] R. Docs. 1 & 3.
[2] § 1915(e) provides the procedure for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides the procedure for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on February 3, 2020. (R. Doc. 5).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[3] A claim has no arguable basis in law if it is based upon a plainly meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[4] The law grants judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[5] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[6]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[11]

---

[3] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[5] *Denton,* 504 U.S. at 32.
[6] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[7] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[10] *Id.*
[11] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff complains that his due process rights were violated as a result of Article 1, § 17 of the Louisiana Constitution of 1974.[12] Prior to December 12, 2018, this provision provided, in pertinent part, as follows: "A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict."[13] Effective December 12, 2018, the provision was updated to read as follows:

> A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.[14]

Louisiana lawmakers did not make the change requiring unanimous jury verdicts for punishment at hard labor retroactive. Accordingly, under the Louisiana Constitution, all persons previously imprisoned and those who committed offenses prior to January 1, 2019 could be convicted by a non-unanimous jury. Though the Court is sympathetic to Plaintiff's complaints regarding the law that previously allowed conviction by non-unanimous juries, Plaintiff's claims for declaratory and monetary relief are not viable in this case.

In *Heck v. Humphrey*,[15] the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[16] Plaintiff's claims attack the

---

[12] R. Doc. 3, p. 4.
[13] LA. CONST. art. 1, § 17 (effective November 22, 2010 through December 11, 2018).
[14] LA. CONST. art. 1, § 17.
[15] 512 U.S. 477 (1994).
[16] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

constitutionality of his imprisonment by virtue of a conviction by non-unanimous jury but Plaintiff does not allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question in any way.[17] As Plaintiff's Complaint challenging the constitutionality of his sentence and continued imprisonment is barred by *Heck v. Humphrey*, the Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A,[18] without prejudice to any right Plaintiff may have now or in the future to seek federal *habeas corpus* relief.

Signed in Baton Rouge, Louisiana, on May 8, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] Although the United States Supreme Court has recently declared that criminal convictions by non-unanimous juries is unconstitutional in *Ramos v. Louisiana*, -- U.S.--;  -- S.Ct. --, 2020 WL 1906545 (2020), it is not clear whether the *Ramos* decision would apply to Plaintiff's case.  The United States Supreme Court granted certiorari on May 4, 2020 to determine whether *Ramos* should be applied retroactively.  *Thedrick Edwards v. Darrel Vannoy*, -- S.Ct. --; 2020 WL 2105209 (2020).  Even if the United States Supreme Court holds that *Ramos* is retroactive, however, the proper way to challenge a conviction is through an application for writ of habeas corpus, not through a 42 U.S.C. § 1983 complaint such as this one.

[18] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."